8 F.3d 72
 303 U.S.App.D.C. 419
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Sandra WAGES, also known as Judith Wages, Appellant.
 No. 92-3248.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 8, 1993.
 
 Before: EDWARDS, BUCKLEY and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the appellant's judgment of conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Appellant argues that the district court abused its discretion in denying her motion to withdraw her guilty plea. Fed.R.Crim.P. 32(d) provides that where a defendant demonstrates a "fair and just reason," the court may allow withdrawal of a plea prior to sentencing. In assessing whether the defendant has provided a "fair and just" reason, this circuit weighs three factors: 1) whether the defendant has asserted her innocence; 2) whether the delay between entering the guilty plea and moving to withdraw prejudices the government's ability to prosecute and; most important 3) whether procedural or constitutional defects tainted the plea process. See United States v. Ford, 993 F.2d 249 (D.C.Cir.1993); United States v. Horne, 987 F.2d 833 (D.C.Cir.1993).
 
 
 5
 First, since entering her plea, Wages has never averred she is innocent. Second, because Wages promptly moved to withdraw her plea, it is unlikely the government would have been prejudiced. However, this alone is not dispositive. See United States v. Horne, 987 F.2d at 837 (defendant's motion to withdraw guilty plea denied where he did not aver his innocence, the government did not allege prejudice and the court found no defect in the plea proceedings). Third, although Wages contends that the entry of her guilty plea was not voluntary and informed as required by Fed.R.Crim.P. 11, the record indicates there was no defect in the plea process affecting substantial rights. See Fed.R.Crim.P. 11(h) (variance from requirements of Rule 11 that does not affect substantial rights is harmless error). Therefore, the district court did not abuse its discretion in denying Wages's Rule 32(d) motion.
 
 
 6
 Next Wages contends that the district court erred in denying her an offense-level reduction pursuant to United States Sentencing Guidelines § 3B1.2. Wages, however, has not demonstrated that she was less culpable than her co-participants in the offense. See United States v. Scroggins, 939 F.2d 416, 423 n. 9 (7th Cir.1991) (co-defendants playing different roles in an offense may be equally culpable and therefore not entitled to a reduction under U.S.S.G. § 3B1.2); United States v. Daughtrey, 874 F.2d 213, 216 (4th Cir.1989) (court proffered example in which three participants in a robbery, each playing different but equal roles such as guarding the door, spray-painting surveillance cameras and demanding money of teller, would not be entitled to U.S.S.G. § 3B1.2 offense-level reduction). Therefore, based on her role in the offense, the district court was not clearly erroneous in refusing to mitigate Wages's sentence.